**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7191 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00376-SB-1 |
| v. | |
| CHARLES DITTO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted March 10, 2026[**]
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and LIBURDI, District Judge.[***]

Charles Ditto appeals his conviction following a conditional guilty plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not clearly err by finding that the evidence from

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

Ditto's car was admissible under the inevitable discovery doctrine. *See United States v. Holmes*, 121 F.4th 727, 734 (9th Cir. 2024) (inevitable discovery doctrine findings are reviewed for clear error). It is not illogical, implausible, or without support in inferences that may be drawn from the record for the district court to find that there was "a reasonable probability of discovery." *United States v. Lang*, 149 F.3d 1044, 1047 (9th Cir.), *amended*, 157 F.3d 1161 (9th Cir. 1998) (quoting *United States v. Drosten*, 819 F.2d 1067, 1070 (11th Cir. 1987)). Some officers searched Ditto's car before learning of the incriminating evidence in his pockets, so there is a reasonable possibility that other officers would have searched Ditto's car after learning about such evidence.

The district court did not abuse its discretion by failing to hold an evidentiary hearing. *See United States v. Barry*, 140 F.4th 1105, 1108 (9th Cir. 2025) (denials of an evidentiary hearing are reviewed for abuse of discretion). Resolution of the factual disputes would not "alter the outcome of our Fourth Amendment analysis," so no evidentiary hearing was required. *United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1163 (9th Cir. 2007). And "[a] simple desire to cross-examine agents that a movant has accused of being untruthful does not itself create grounds for an evidentiary hearing." *United States v. Keller*, 142 F.4th 645, 655 (9th Cir. 2025) (per curiam).

**AFFIRMED.**